ROBERT WALLER, MARY A. KEMLER, and SIDONIA HOSFORD, Executors of the Estate of RICHARD WALLER, Deceased, v. WILLIAM HINTRAGER, Appellant, and PAUL TRAUT, Treasurer of Dubuque County, Iowa.

**Review of Evidence on Appeal in Equity:** PROOF OF SERVING NOTICE TO REDEEM. Defendants, to sustain the issue that a notice to redeem from tax sale was served August 11, introduced the return of service, and the affidavit of defendant that he had such notice served on said day  The papers were in the handwriting of the defendant, except the signature to the affidavit. They were marked filed in the treasurer's office, as of such date. The dates, and the words, "Filed this eleventh day of August," were in the handwriting of the defendant  Plaintiffs were positive that the papers were not served until the thirteenth. The credibility of the person serving the papers was successfully attacked. *Held*, that a finding that the service was made on August 13, would not be disturbed

*Appeal from Dubuque District Court.*—HON. J. L.
HUSTED, Judge.

THURSDAY, DECEMBER 10, 1896.

PLAINTIFFS bring this action in equity to cancel a certain tax deed, issued by the treasurer of Dubuque county, to the defendant, William Hintrager, and for an order requiring Paul Traut, treasurer, to sign a certain certificate of redemption from tax sales of the land covered by said deed. The defendants, Hintrager and Traut, answered separately, and the defendant Hintrager, by way of cross-petition, asked that Patrick T. Ward, Bernard Ward, and John Ward be made parties, and that his (Hintrager's) title to said land be established as against the plaintiffs and said Wards, and all persons claiming under or through them, and that he be awarded the possession of said land, and for costs. Bernard Ward and John Ward made default. Patrick T. Ward answered said cross-petition, and thereafter said Patrick Ward, by his guardian, Bernard Ward, filed an amended and substituted answer asking the same relief prayed for by the plaintiffs, or that he be allowed to redeem for his ward by paying the amount legally due. The issues and facts will appear in the opinion so far as it may be necessary to state the same in considering the questions argued. Decree was entered in favor of the plaintiffs and Patrick T. Ward, substantially as prayed. Defendant William Hintrager appeals.—*Affirmed.*

*Powers, Lacy & Brown* for appellant.

*Longueville & McCarthy* for appellees.

GIVEN, J.—I. But two issues are presented in argument, namely:   (1) Whether plaintiffs' redemption

was in time, or, in other words, whether appellant's notice to redeem was served on Ann and Patrick T. Ward, on the eleventh or on the thirteenth day of August, 1892. (2) Whether, under the facts, plaintiffs or Patrick T. Ward are entitled, in equity, to redeem. The following is a sufficient statement of the facts for the purposes of these questions: Ann Ward, and Patrick Ward, her son, were for many years the owners of the land in question, and occupied it as their home. On April 9, 1880, they executed a mortgage on the land to plaintiffs' testator, and on December 13, 1889, executed another mortgage thereon to the plaintiffs. In September, 1892, plaintiffs caused said mortgages to be foreclosed, and on January 5, 1893, purchased, the land at the foreclosure sale, receiving the sheriff's certificate therefor, which they now hold. Plaintiffs agreed with Patrick Ward to extend the time to redeem from said foreclosure sale, giving him the right to sell the property, and that any surplus realized after paying the mortgages, should be his. On December 7, 1885, this land was sold to the appellant for the taxes of 1884, for eighty dollars and sixteen cents. In August, 1892, the appellant caused notice of redemption to be served upon Ann Ward and Patrick Ward. Appellant claims that this service was made on the eleventh day of August, while plaintiffs and Patrick Ward claim that it was made on the thirteenth. On the eleventh day of November, 1892, the plaintiffs paid to the county auditor the amount then required to redeem the land from said tax sale, and received from the auditor his certificate of such redemption. On the same day they presented said certificate to the defendant Traut, county treasurer, to be countersigned by him, whereupon he entered thereon the following: "Presented for counter signature November 11, 1892. Refused to sign and enter because deed had already been applied for and issued."

It appears that on said eleventh day of November, 1892, and before said certificate was presented to be countersigned, the defendant treasurer had issued to appellant a tax deed for said lands in pursuance of said tax sale and said notice to redeem.

There is no dispute as to the foregoing facts, except as to the date on which appellant's notice to redeem was served. It further appears that on November 30, 1887, Ann Ward, accompanied by her son John, applied at the office of the county treasurer for the purpose of paying the taxes due against said land. One of the clerks in the office, whose duty it was to receive taxes and give receipts, proceeded to ascertain the amount due on that day, going to the auditor's office for that purpose, but it does not appear that Ann Ward or her son knew that he went to the auditor's office, or that it was necessary to do so. This clerk told Mrs. Ward that the amount due was one hundred and forty-three dollars and seventy-five cents, and gave her a memorandum in writing to that effect. John Ward insisted that the taxes were not so high, that there was some mistake, and said they would see Mr. Meyer, the then treasurer. Mrs. Ward and her son called on the treasurer at his residence on the same day, and exhibited to him the said memorandum, and paid him the amount stated therein as due upon said land, for which the treasurer gave a receipt as follows: "Dubuque, Nov. 30, 1887. Received of Ann Ward one hundred and forty-three and seventy-five one-hundredths dollars, to apply on her 1884, 1885, and 1886 taxes. C. H. Meyer, Treasurer." The treasurer promised Mrs. Ward that "when he went to the office he would receipt it on the books, and have it show up there." This occurred late in the day, and Mrs. Ward and her son started for their home, some eighteen miles distant. A day or two thereafter, Mr. Meyer gave to his deputy, Mr. McKinley, said memorandum, and the amount of money it called for, saying

that the parties had been at his residence, and that he had given them a receipt for the money, as they wished to go home immediately. Mr. McKinley started to make out a receipt, and found that the subsequent tax had been paid to the treasurer after said memorandum had been made out, and that it would therefore require something over four dollars more to redeem. Thereupon, Mr. McKinley wrote Mrs. Ward, stating the facts, but no answer was received, nor does it appear that Mrs. Ward ever received the communication. The amount received by Mr. Meyer was kept separately from the public money, and retained by him until after the trial of this case. On October 31, 1892, which was a short time prior to her death, Ann Ward conveyed all her interest in said land to Patrick Ward. There is some contention as to the capacity of Ann Ward and Patrick Ward to transact business at the time of these occurrences. While Mrs. Ward was uneducated, and inexperienced in business transactions of this character, she was evidently prudent in the management of her own affairs, and as capable of transacting business as women of her age and opportunities generally are. Patrick Ward was also uneducated, of dissolute habits, and a spendthrift. It was for these reasons that his guardian was appointed during the pendency of this action. Neither of these persons was so mentally incapacitated as to be incapable of transacting business.

II. It is not questioned that the plaintiffs had a right, under the statute, to redeem from the tax sale within the prescribed time. The question is whether they had that right on the eleventh day of November, 1892, and this must be answered by determining whether appellant's notice to Ann and Patrick T. Ward to redeem was served on the eleventh or on the thirteenth day of August, 1892. If the service was on the eleventh, it is conceded that they did not have the

right to redeem, under the statute, on the eleventh day of November, 1892; but, if the service was on the thirteenth day of August, 1892, they had the right to redeem on November 11, 1892. The evidence on this issue is somewhat lengthy, and quite conflicting, and it will serve no good purpose to set it out or discuss it in detail. On the one hand, we have the return of John J. Bradley, showing service on Ann and Patrick T. Ward on the eleventh day of August, 1892. Also the affidavit of appellant that he served said notice, through John J. Bradley, on the eleventh day of August, 1892. This return and affidavit purports to have been sworn to by the affiants before J. J. Murry, a notary, who was also a deputy in the treasurer's office, on the eleventh day of August, 1892. These papers are marked: "Filed this eleventh day of August, 1892. Paul Traut, Treasurer of the county of Dubuque, Iowa, by J. J. Murry, Deputy." These papers are in the handwriting of appellant, except the signatures of Bradley, Murry, and Paul Traut, by Murry. The dates, and the words, "Filed this 11th day of August, 1892," are in appellant's handwriting. These papers were verified at the store of appellant at about 7 o'clock in the evening, Mr. Murry having been called upon to come there for that purpose. There is some evidence tending to corroborate the claim that this service was made on the eleventh day of August, 1892. As against this, we have the positive testimony of Patrick T. Ward and Kate Ward that it was on Saturday, August 13, 1892, that Bradley was at Ward's place, and served the notice on Patrick Ward. They give as a reason for remembering the date, that it was on the Saturday preceding August 15, "a holy day always kept by the family, and Catholics generally." They are also corroborated to some extent by William McDermott. The force of the presumption that arises from the return is lessened somewhat by the fact that the dates

and filing marked were all written by the appellant, and, we are inclined to think, were not, therefore, noticed by the notary at the time he signed the same, and took the papers into his possession as deputy treasurer. As already said, we will not discuss the evidence in detail. It is sufficient to say that we think the positive testimony of Patrick Ward and of Katie Ward, whose credibility is not questioned, more than overcomes the presumption that arises in favor of the correctness of the return. To support the return, the testimony of Bradley and certain memoranda and circumstances are relied upon. Bradley's reputation for truthfuless is so successfully attacked that we do not think his testimony entitled to much credit. · The memoranda relied upon are such as not to be entitled to much weight, and the circumstances are explainable consistently with the positive statement of Patrick and Katie Ward. We conclude, after giving due weight to all the evidence upon this issue of fact, that the preponderance is in favor of the conclusion that a complete service of the notice to redeem was not made until August 13, 1892. As this conclusion fully disposes of the case, we need not consider the other question discussed. The decree of the district court is AFFIRMED.